IN THE UNITED STATES DISTRIC COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

ALFRED J. GOLDEN, JR.,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI,
a Florida not-for-profit corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AL GOLDEN ("Plaintiff"), by and through his undersigned counsel, hereby files his Complaint and alleges the following violations of law against Defendant, the UNIVERSITY OF MIAMI ("Defendant") and seeks redress for same in this Complaint and Demand for Jury Trial.  Plaintiff states the following in support of his claim:

## JURISDICTION AND VENUE

1. This action seeks damages in excess of the jurisdictional minimum of $75,000, interest, attorney's fees and costs, as a result of a breach of an employment contract by Defendant.

2. Defendant is a Florida not-for-profit corporation that operates a private university located at 1320 S. Dixie Hwy, Coral Gables, Florida.

3. Plaintiff is currently a resident of New Jersey.

4. Accordingly, there exists complete diversity between the parties.

5. This case involves a breach of an employment contract.  Plaintiff was at all relevant times an employee of Defendant in Miami-Dade County, Florida.  Venue is proper in the Miami-Dade Division of the United States District Court for the Southern District of Florida because all

of the actions that form the basis of the Complaint occurred within Miami-Dade County, and Defendant resides in Miami-Dade County.

6. Plaintiff alleges a cause of action for breach of employment contract based on the Defendant's failure to pay the agreed-upon amount for termination without cause.

7. The violations complained of herein occurred in Miami-Dade County Florida, making venue in this Court appropriate.

8. The unpaid portion of Plaintiff's separation pay as of October 2018 is approximately $3 million and continues to grow. Plaintiff seeks judgment for this amount and for any additional sums that accrue and remain unpaid.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

10. Defendant operates a private university in Miami-Dade County, Florida.

11. Plaintiff was hired by Defendant in December 2010 as Defendant's head Football Coach.

12. The parties entered into a written contract on or about April 27, 2011 (**Exh. 1**). The contract was of definite term and was to terminate on January 31, 2016. However, as explained below, the contract was subsequently extended by written amendment.

13. As part of and incorporated into the above-described contract (see Exh. 1, para B), the parties also entered into a "Guarantee Agreement," whereby Defendant would guarantee certain earnings to be paid to Plaintiff by third parties including, among other third parties, television and radio shows. The Guarantee Agreement is Exhibit "A" to the contract (Exh. 1, hereto).

14. The contract provided that the Defendant would reserve the right to terminate Plaintiff's employment prior to the expiration of the contract term. However, in the event of early termination, the Defendant would be required to pay a separation fee determined by a formula set forth in Paragraph 7 of the contract. That term too was later changed by written amendments to the agreement. The principal dispute in this case centers on the obligations set forth in Paragraph 7, as amended.

15. The parties entered into an amendment to the above-described contract on or about February 20, 2012 (the "First Amendment", **Exh. 2**). The First Amendment extended the term of the employment contract to January 31, 2020. Other terms were also modified, including Paragraph 7.

16. The parties entered into a Second Amendment (**Exh. 3**) on or about July 23, 2012. The Second Amendment modified the timing of payments under the Guaranty Agreement, but otherwise made no substantive changes of any significance.

17. The parties again amended the above-described employment contract on or about March 8, 2012 (the "Third Amendment", **Exh. 4**). Among other modifications, the provisions of Paragraph 7 regarding the formula for calculating the separation payment was again modified.

18. Plaintiff was terminated from employment on October 25, 2015.

19. Defendant failed to fully compensate Defendant by paying the amounts owed under Paragraph 7, as amended.

## COUNT I
## BREACH OF CONTRACT

20. Plaintiff reasserts his allegations in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant failed to pay, and refuses to pay, the Plaintiff the full amount of the separation payment required under Paragraph 7 of the employment agreement, as amended.

22. Having failed to pay the full separation fee required under Paragraph 7 of the employment agreement, Defendant breached its contract with Plaintiff, causing Plaintiff damage.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff his full separation payment, interest, attorney's fees and costs, and any other remedies allowable by law.

## DEMAND FOR JURY TRIAL

23. Plaintiff demands a trial by jury on all of his claims set forth herein.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

*/s/Richard D. Tuschman*
Richard D. Tuschman, Esq.
Florida Bar No. 907480
Email: rtuschman@gtemploymentlawyers.com
2nd Email: assistant@gtemploymentlawyers.com
**RICHARD D. TUSCHMAN, P.A.**
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: (954) 369-1050
Facsimile: (954) 380-8938


*/s/ Mark J. Beutler*
Mark J. Beutler, Esq.
Florida Bar No. 0023400
**LAW OFFICES OF MARK J. BEUTLER, P.A.**
Email:  mjb@mjbpa.com
2nd Email: mwooduk@mjbpa.com
One Datran Center
9100 South Dadeland Blvd., Suite 1500
Miami, Florida 33156
Tel. (786) 497-7710
Fax. (786) 513-4651

*Attorneys for Plaintiff*