IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALFRED J. GOLDEN, JR.,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI, a Florida not-for profit corporation,

    Defendant.

-----------------------------------------------------------

UNIVERSITY OF MIAMI, a Florida not-for-profit corporation,

    Counter-Plaintiff,

vs.

ALFRED J. GOLDEN, JR.,

    Counter-Defendant.

_____/

**Case No. 1:18-cv-24414-DPG**

**JURY TRIAL DEMANDED**

## **PLAINTIFF'S ANSWER TO COUNTERCLAIM**

The Plaintiff, Al Golden ("Plaintiff"), by counsel, pursuant to Fed. R. Civ. P. 12(a)(1)(B), hereby Answers the Counterclaim of the Defendant University of Miami ("Defendant"). In the correspondingly-numbered paragraphs, Plaintiff respectfully alleges as follows:

1. Paragraph 1 characterizes the cause of action for which no response is required. To the extent Paragraph 1 could be interpreted as containing any allegations of fact, the allegations are denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Plaintiff admits that venue is proper in this Court.

6. Admitted.

7. Plaintiff admits the last sentence of Paragraph 7. To the extent Defendant refers to certain provisions contained in a written contract, the contract speaks for itself and Plaintiff respectfully refers the Court to that document and, where applicable, related amendments thereto, for a full and accurate statement of their contents. Plaintiff denies that the referenced language fully describes the obligations under the contract between the parties. All other allegations in Paragraph 7 are denied.

8. To the extent Defendant refers to certain provisions contained in a written contract, the contract speaks for itself and Plaintiff respectfully refers the Court to that document and, where applicable, related amendments thereto, for a full and accurate statement of their contents. To the extent that Paragraph 8 contains any additional allegations, they are denied.

9. Plaintiff admits that the First Amendment took effect February 1, 2012. To the extent Defendant refers to certain provisions contained in a written contract, the contract speaks for itself and Plaintiff respectfully refers the Court to that document and, where applicable, related amendments thereto, for a full and accurate statement of their contents. Plaintiff denies that the referenced language fully describes the obligations under the contract between the parties. To the extent that Paragraph 9 contains any additional allegations, they are denied.

10. To the extent Defendant refers to certain provisions contained in a written contract, the contract speaks for itself and Plaintiff respectfully refers the Court to that document and, where applicable, related amendments thereto, for a full and accurate statement of their contents. Plaintiff denies that the referenced language fully describes the obligations under the contract between the parties. To the extent that Paragraph 10 contains any additional allegations, they are denied.

11.     Plaintiff admits that the Second Amendment took effect August 1, 2012.  To the extent Defendant refers to certain provisions contained in a written contract, the contract speaks for itself and Plaintiff respectfully refers the Court to that document and, where applicable, related amendments thereto, for a full and accurate statement of their contents.  Plaintiff denies that the referenced language fully describes the obligations under the contract between the parties.  To the extent that Paragraph 11 contains any additional allegations, they are denied.

12.     Plaintiff admits that the Second Amendment took effect February 1, 2013.  To the extent Defendant refers to certain provisions contained in a written contract, the contract speaks for itself and Plaintiff respectfully refers the Court to that document and, where applicable, related amendments thereto, for a full and accurate statement of their contents.  Plaintiff denies that the referenced language fully describes the obligations under the contract between the parties.  To the extent that Paragraph 12 contains any additional allegations, they are denied.

13.     Plaintiff denies the allegations in the first sentence of Paragraph 13,  As for the remainder of Paragraph 13, to the extent Defendant refers to certain provisions contained in a written contract, the contract speaks for itself and Plaintiff respectfully refers the Court to that document and, where applicable, related amendments thereto, for a full and accurate statement of their contents.  Plaintiff denies that the referenced language fully describes the obligations under the contract between the parties.  To the extent that Paragraph 13 contains any additional allegations, they are denied.

14.     To the extent Defendant refers to certain provisions contained in a written contract, the contract speaks for itself and Plaintiff respectfully refers the Court to that document and, where applicable, related amendments thereto, for a full and accurate statement of their contents. Plaintiff

denies that the referenced language fully describes the obligations under the contract between the parties. To the extent that Paragraph 14 contains any additional allegations, they are denied.

15. Defendant admits that he was required to mitigate his damages and that any amounts obtained through certain types of employment would reduce his separation pay under the contract. Further, to the extent Defendant refers to certain provisions contained in a written contract, the contract speaks for itself and Plaintiff respectfully refers the Court to that document and, where applicable, related amendments thereto, for a full and accurate statement of their contents. Plaintiff denies that the referenced language fully describes the obligations under the contract between the parties. To the extent that Paragraph 15 contains any additional allegations, they are denied.

16. Admitted.

17. Denied.

18. Plaintiff admits that he received payments from Defendant, although the precise amount is presently unknown and therefore the allegation is denied. In all other respects, the allegations of Paragraph 18 are denied.

19. Plaintiff admits the first sentence of Paragraph 19. Plaintiff admits that he received monthly payments from Defendant although the precise amounts and how they were calculated are presently unknown and therefore the allegation is denied. All other allegations in Paragraph 19 are denied.

20. Plaintiff admits the first sentence of Paragraph 20. Plaintiff admits that he received monthly payments from Defendant although the precise amounts and how they were calculated are presently unknown and therefore the allegation is denied. Plaintiff denies that the payments

4

were consistent with Defendant's contractual obligations. All other allegations in Paragraph 20 are denied.

20. Plaintiff admits that he received monthly payments from Defendant albeit the precise amounts and how they were calculated are presently unknown and therefore the allegation is denied. Defendant denies the second sentence in Paragraph 21. All other allegations in Paragraph 21 are denied.

22. Plaintiff denies that Defendant is in compliance with its contractual obligations. Plaintiff lacks knowledge as to the subjective beliefs of Defendant and therefore denies the remaining allegations in Paragraph 22.

23. Denied.

24. Plaintiff admits that a dispute exists between the parties. Plaintiff lacks knowledge as to the subjective beliefs of Defendant and therefore denies the remaining allegations in Paragraph 24.

## **Count I**
**(Claim for Declaratory Relief)**

25. Plaintiff incorporates its responses to Paragraphs 1 through 24 as is fully set forth herein.

26. Admitted.

27. Plaintiff denies that the amount required to be paid in the event of early termination is set forth in the Agreement; rather the agreement sets forth a formula by which that amount can be calculated. All other allegations in Paragraph 27 are denied.

28. Denied.

29. Plaintiff denies that he expressed any threats to Defendant or anyone. As to any remaining allegations in Paragraph 29, Plaintiff lacks knowledge as to the subjective beliefs of Defendant and therefore denies the allegations.

30. Plaintiff admits that a dispute exists between the parties. As to any remaining allegations in Paragraph 30, Plaintiff lacks knowledge as to the subjective beliefs of Defendant and therefore denies the allegations.

31. Denied.

Plaintiff denies that Defendant is entitled to the relief requested in the ad damnum clause following paragraph 31, or any relief at all.

WHEREFORE, Plaintiff respectfully requests that the Court dismiss the Counterclaim in its entirety, with prejudice, and award Plaintiff all of the relief sought in the Complaint, including attorney's fees and costs, and for such other further relief as this court shall seem just and proper.

Respectfully submitted,

*s/ Mark J. Beutler*
Mark J. Beutler, Esq.
Florida Bar No. 0023400
**LAW OFFICES OF MARK J. BEUTLER, P.A.**
One Datran Center
9100 South Dadeland Boulevard, Suite 1500
Miami, FL 33156
Tel: 786-497-7710 |Fax: 786-513-4651
E-mail: mjb@mjbpa.com

*/s/ Richard D. Tuschman*
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
E-mail: assistant@gtemploymentlawyers.com
**RICHARD D. TUSCHMAN, P.A.**
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Tel: (954) 369-1050 | Fax: (954) 380-8938
*Attorneys for Defendant*

Case No. 1:18-cv-24414-DPG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Mark J. Beutler
Mark J. Beutler, Esq.

## SERVICE LIST
### Case No. 1:18-cv-24414-DPG

Eric D. Isicoff, Jr., Esq.
Florida Bar No. 372201
isicoff@irlaw.com
Teresa Regatz, Esq.
Florida Bar No. 545170
ragatz@irlaw.com
Christopher A. Ajizian
Florida Bar No. 1010170
Ajizian@irlaw.com
**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

*Attorneys for Defendant*